UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------X

RACHEL PRICE,

                    Plaintiff,

        -against-

THE HEART BALLROOM & LOFT LLC
and ICW NO HOLDS BARRED LLC

                    Defendants.
------------------------------------------------------X

Civil Action No: 2:24-CV-00672

**COMPLAINT**

**TRIAL BY JURY REQUESTED**

RACHEL PRICE, by and through her attorneys, LEWIS JOHS AVALLONE AVILES, LLP, respectfully alleges upon information and belief as follows:

<u>JURISDICTION AND VENUE</u>

1. Jurisdiction exists against defendants pursuant to 28 U.S.C. section 1332.

2. Plaintiff, RACHEL PRICE, is domiciled in and a citizen of the State of New York, residing at 150 East Penn Street, Long Beach, New York 11561.

3. Defendant, THE HEART BALLROOM & LOFT LLC, is a domestic limited liability company with its principal place of business at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

4. Upon information and belief, all members of Defendant, THE HEART BALLROOM & LOFT LLC, are citizens of New Jersey.

5. Defenant, ICW NO HOLDS BARRED LLC, is a domestic limited liability company with its principal place of business at 51 Washington Road, Sayreville, New Jersey, 08872.

6. Upon information and belief, all members of Defendant, ICW NO HOLDS BARRED LLC, are citizens of New Jersey.

7. The amount in controversy exceeds $75,000.

8. Venue is proper pursuant to 28 U.S.C. section 1332 in that jurisdiction is founded on complete diversity of citizenship and the matter is being filed in the district where the claim arose.

<u>FACTUAL STATEMENT</u>

9. At all times hereinafter mentioned Defendant, THE HEART BALLROOM & LOFT LLC, was and is duly authorized to do business in the State of New Jersey.

10. At all times hereinafter mentioned, Defendant, THE HEART BALLROOM & LOFT LLC, transacted business in the State of New Jersey.

11. At all times hereinafter mentioned, Defendant, THE HEART BALLROOM & LOFT LLC, owned the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

12. At all times hereinafter mentioned, Defendant, THE HEART BALLROOM & LOFT LLC, was the lessor of the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

13. At all times hereinafter mentioned, Defendant, THE HEART BALLROOM & LOFT LLC, was the lessee of the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

14. At all times hereinafter mentioned, Defendant, THE HEART BALLROOM & LOFT LLC, operated the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

15. At all times hereinafter mentioned, Defendant, THE HEART BALLROOM & LOFT LLC, managed the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

16. At all times hereinafter mentioned, Defendant, THE HEART BALLROOM & LOFT LLC, maintained the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

17. At all times hereinafter mentioned, Defendant, THE HEART BALLROOM & LOFT LLC, supervised the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

18. At all times hereinafter mentioned, Defendant, THE HEART BALLROOM & LOFT LLC, controlled the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

19. At all times hereinafter mentioned, Defendant, THE HEART BALLROOM & LOFT LLC, possessed the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

20. At all times hereinafter mentioned, there was a banquet hall and venue known as "The Heart Ballroom" located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

21. Prior to June 25, 2022, Defendant, THE HEART BALLROOM & LOFT LLC, promoted a wrestling event to be held on or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

22. At all times hereinafter mentioned, the defendant, THE HEART BALLROOM & LOFT LLC, hired the employees, agents, and/or servants working at the wrestling event on or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

23. At all times hereinafter mentioned, the defendant, THE HEART BALLROOM & LOFT LLC, entered into agreements with independent contractors working at the wrestling event

held on or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield
Avenue, Newark, New Jersey, 07104.

24. At all times hereinafter mentioned, the defendant, THE HEART BALLROOM & LOFT
LLC, trained the employees, agents and/or servants working at the wrestling event on or
about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark,
New Jersey, 07104.

25. At all times hereinafter mentioned, the defendant, THE HEART BALLROOM & LOFT
LLC, trained the independent contractors working at the wrestling event on or about June
25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New
Jersey, 07104.

26. At all times hereinafter mentioned, the defendant, THE HEART BALLROOM & LOFT
LLC, supervised the employees, agents and/or servants working at the wrestling event on
or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue,
Newark, New Jersey, 07104.

27. At all times hereinafter mentioned, the defendant, THE HEART BALLROOM & LOFT
LLC, supervised the independent contractors working at the wrestling event on or about
June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New
Jersey, 07104.

28. At all times hereinafter mentioned, the defendant, THE HEART BALLROOM & LOFT
LLC, directed the employees, agents and/or servants working at the wrestling event on or
about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark,
New Jersey, 07104.

29. At all times hereinafter mentioned, the defendant THE HEART BALLROOM & LOFT LLC, directed the independent contractors working at the wrestling event on or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

30. At all times hereinafter mentioned Defendant, ICW NO HOLDS BARRED LLC, was and is duly authorized to do business in the State of New Jersey.

31. At all times hereinafter mentioned, Defendant, ICW NO HOLDS BARRED LLC, transacted business in the State of New Jersey.

32. At all times hereinafter mentioned, Defendant, ICW NO HOLDS BARRED LLC, owned the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

33. At all times hereinafter mentioned, Defendant, ICW NO HOLDS BARRED LLC, was the lessor of the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

34. At all times hereinafter mentioned, Defendant, ICW NO HOLDS BARRED LLC, was the lessee of the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

35. At all times hereinafter mentioned, Defendant, ICW NO HOLDS BARRED LLC, operated the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

36. At all times hereinafter mentioned, Defendant, ICW NO HOLDS BARRED LLC, managed the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

37. At all times hereinafter mentioned, Defendant, ICW NO HOLDS BARRED LLC, maintained the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

38. At all times hereinafter mentioned, Defendant, ICW NO HOLDS BARRED LLC, supervised the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

39. At all times hereinafter mentioned, Defendant, ICW NO HOLDS BARRED LLC, controlled the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

40. At all times hereinafter mentioned, Defendant, ICW NO HOLDS BARRED LLC, possessed the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

41. Prior to June 25, 2022, Defendant, ICW NO HOLDS BARRED LLC, promoted a wrestling event to be held on or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

42. At all times hereinafter mentioned, the defendant, ICW NO HOLDS BARRED LLC, hired the employees, agents, and/or servants working at the wrestling event on or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

43. At all times hereinafter mentioned, the defendant, ICW NO HOLDS BARRED LLC, entered into agreements with independent contractors working at the wrestling event held on or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

44. At all times hereinafter mentioned, the defendant, ICW NO HOLDS BARRED LLC, trained the employees, agents and/or servants working at the wrestling event on or about

June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

45. At all times hereinafter mentioned, the defendant, ICW NO HOLDS BARRED LLC, trained the independent contractors working at the wrestling event on or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

46. At all times hereinafter mentioned, the defendant, ICW NO HOLDS BARRED LLC, supervised the employees, agents and/or servants working at the wrestling event on or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

47. At all times hereinafter mentioned, the defendant, ICW NO HOLDS BARRED LLC, supervised the independent contractors working at the wrestling event on or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

48. At all times hereinafter mentioned, the defendant, ICW NO HOLDS BARRED LLC, directed the employees, agents and/or servants working at the wrestling event on or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

49. At all times hereinafter mentioned, the defendant, ICW NO HOLDS BARRED LLC, directed the independent contractors working at the wrestling event on or about June 25, 2022 at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

50. On or about June 25, 2022, the plaintiff was lawfully at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104 for a wrestling event.

51. On or about June 25, 2022, the plaintiff was lawfully at The Heart Ballroom located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104 for a wrestling event promoted by the defendants.

52. On or about June 25, 2022, at or about 10:30 p.m., during the wrestling event at The Heart Ballroom, the defendants' employees, agents servants, and/or independent contractors made an announcement that patrons with vehicles in that adjacent lot should move their vehicles.

53. On or about June 25, 2022, at or about 10:30 p.m., plaintiff utilized a side exit door of The Heart Ballroom, located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104, in order to move her vehicle.

54. On or about June 25, 2022, at or about 10:30 p.m., defendants did not have anyone posted at the side door of The Heart Ballroom, located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

55. On or about June 25, 2022, at or about 10:30 p.m., there were no warnings at the side door of The Heart Ballroom, located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104, warning of any dangerous and/or defective condition.

56. On or about June 25, 2022, at or about 10:30 p.m., when plaintiff exited the side door of the premises, she was on the landing of steps with no railing.

57. On or about June 25, 2022, at or about 10:30 p.m., when plaintiff exited the side door of the premises, she was on the landing of steps with no railing and approximately a three foot drop.

58. On or about June 25, 2022, at or about 10:30 p.m., when plaintiff exited the side door of the premises, the area was poorly and insufficiently lighted.

59. On or about June 25, 2022, at or about 10:30 p.m., as a result of the lack of warnings, the lack of a railing and the poor and insufficient lighting conditions, plaintiff was caused to fall from a height to the ground below.

60. On or about June 25, 2022, at or about 10:30 p.m., as a result of the lack of warnings, the lack of a railing and the poor and insufficient lighting conditions, plaintiff was caused to fall from a three foot height to the ground below.

61. As a result of the foregoing, the plaintiff, RACHEL PRICE, sustained severe and permanent personal injuries.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE

62. At all times hereinafter mentioned, the defendants owned, operated, leased, maintained, controlled, managed and/or possessed the premises located at 37-39 Bloomfield Avenue, Newark, New Jersey, 07104.

63. The defendants had a duty to maintain said premises in a reasonably safe conditions for persons therein.

64. On or about June 25, 2022, due to the negligence of the defendants, said premises was in a dangerous and/or defective condition for persons therein.

65. Defendants created the dangerous and/or defective condition of the premises.

66. Defendants knew, or in the exercise of reasonable cars should have known, of the dangerous and/or defective condition of the premises.

67. Defendants failed to warn of the dangerous and/or defective condition of the premises.

68. On June 25, 2022, while the plaintiff was lawfully on the premises, she was caused to fall due to the defendant and/or dangerous condition of said premises.

69. As a result of the defendants' negligence, the plaintiff, RACHEL PRICE, sustained severe and permanent personal injuries.

70. The injuries suffered by plaintiff, RACHEL PRICE, were caused by the negligence, recklessness and carelessness of the defendants, their agents, servants, employees, and/or independent contractors.

71. That said accident and the injuries to Plaintiff, RACHEL PRICE, resulting therefrom, were caused by the negligence of the defendants and without any negligence on the part of this plaintiff contributing thereto.

72. As a result of the defendants' negligence, plaintiff, RACHEL PRICE, was caused to seek medical treatment and incur medical expenses.

73. As a result of the defendants' negligence, the plaintiff, RACHEL PRICE, was caused to out of pocket expenses and damages.

74. Plaintiff's damages exceed $75,000.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**RESPONDEAT SUPERIOR**

75. Plaintiff repeats, reiterates and realleges the allegations set forth in the paragraphs above as if set forth fully herein and at length.

76. That defendants THE HEART BALLROOM & LOFT LLC and ICW NO HOLDS BARRED LLC are vicariously liable for the negligent, reckless and/or careless acts of their employees, agents, servants and/or independent contractors while in the course of their employment, as those acts were committed within the scope and duties of their employment.

77. That defendants THE HEART BALLROOM & LOFT LLC and ICW NO HOLDS BARRED LLC are vicariously liable for the negligent, reckless and/or careless acts of their employees, agents, servants and/or independent contractors while in the course of their employment, as those acts were foreseeable and a natural consequence of employment.

78. That defendants THE HEART BALLROOM & LOFT LLC and ICW NO HOLDS BARRED LLC are vicariously liable for the negligent, reckless and/or careless acts of their employees, agents, servants and/or independent contractors while in the course of their employment, as those acts could have been reasonably anticipated.

79. As a result of the foregoing, plaintiff, RACHEL PRICE, sustained severe and permanent personal injuries.

80. The injuries suffered by plaintiff, RACHEL PRICE, were caused by the negligence, recklessness and carelessness of the defendants, their agents, servants, employees, and/or independent contractors.

81. That said accident and the injuries to Plaintiff, RACHEL PRICE, resulting therefrom, were caused by the negligence of the defendants and without any negligence on the part of this plaintiff contributing thereto.

82. As a result of the defendants' negligence, plaintiff, RACHEL PRICE, was caused to seek medical treatment and incur medical expenses.

83. As a result of the defendants' negligence, the plaintiff, RACHEL PRICE, was caused to out of pocket expenses and damages.

84. Plaintiff's damages exceed $75,000.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEGLIGENT HIRING/SUPERVISION/RETENTION**

85. Plaintiff repeats, reiterates and realleges the allegations set forth in the paragraphs above as if set forth fully herein and at length.

86. Defendants THE HEART BALLROOM & LOFT LLC and ICW NO HOLDS BARRED LLC, negligently hired and/or retained their employees with knowledge of said employees' propensity for the type of negligent, careless and reckless behavior which resulted in plaintiff's injuries in this action.

87. Defendants THE HEART BALLROOM & LOFT LLC and ICW NO HOLDS BARRED LLC, negligently failed to properly train and/or supervise defendants' employees allowing for the negligent, careless and reckless behavior which resulted in plaintiff's injuries in this action.

88. Defendants THE HEART BALLROOM & LOFT LLC and ICW NO HOLDS BARRED LLC, negligently placed their defendant employees in a position to cause foreseeable harm, which would not have occurred had defendants THE HEART BALLROOM & LOFT LLC and ICW NO HOLDS BARRED LLC, taken reasonable care in the hiring, retention, training and supervision of employees.

89. Defendants THE HEART BALLROOM & LOFT LLC and ICW NO HOLDS BARRED LLC, knew or should have known of their employees' propensity for the conduct that caused plaintiff's injuries.

90. Defendants THE HEART BALLROOM & LOFT LLC and ICW NO HOLDS BARRED LLC, failed to properly train and/or supervise their employees.

91. As a result of the foregoing, plaintiff, RACHEL PRICE, sustained severe and permanent personal injuries.

92. The injuries suffered by plaintiff, RACHEL PRICE, were caused by the negligence, recklessness and carelessness of the defendants, their agents, servants, employees, and/or independent contractors.

93. That said accident and the injuries to Plaintiff, RACHEL PRICE, resulting therefrom, were caused by the negligence of the defendants and without any negligence on the part of this plaintiff contributing thereto.

94. As a result of the defendants' negligence, plaintiff, RACHEL PRICE, was caused to seek medical treatment and incur medical expenses.

95. As a result of the defendants' negligence, plaintiff, RACHEL PRICE, was caused to out of pocket expenses and damages.

96. Plaintiff's damages exceed $75,000.

WHEREFORE, plaintiff respectfully demands judgment against the defendant in excess of excess of seventy-five thousand dollars ($75,000), together with the cots and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Dated: Islandia, New York
      February 1, 2024

           LEWIS, JOHS, AVALLONE, AVILES, LLP
           Attorneys for Defendant
           61 Broadway, Suite 2000
           New York, NY 10006
           (212) 233-7195

           By: John E. Horan
           jehoran@lewisjohs.com
           File No.: 11-1290

TO:

THE HEART BALLROOM & LOFT LLC
37-39 Bloomfield Avenue
Newark, New Jersey, 07104

ICW NO HOLDS BARRED LLC
51 Washington Road
Sayreville, New Jersey, 08872