**LEWIS JOHS**
Lewis Johs Avallone Aviles, LLP
Counsellors at Law

September 22, 2025

**Via ECF**
The Honorable Cari Fais
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   Price v. The Heart Ballroom & Loft LLC, et al.
      Case Number: 2:24-cv-00672-SRC-CLW
      LJAA File No: 0011-1290

Dear Magistrate Judge Cari Fais:

Please allow this to serve as the parties' joint status report. John E. Horan, Esq. represents the plaintiff, Rachel Price. Robert G. Ricco, Esq. represents the defendant, ICW No Holds Barred LLC. Defendant The Heart Ballroom & Loft LLC is in default, and a default judgment has been issued.

**Plaintiff's Position:**
This action arises out of an accident which occurred on June 25, 2022, at approximately 9:30 p.m. at a wrestling event promoted, organized and held by ICW No Holds Barred LLC at The Heart Ballroom & Loft LLC, located at 37-39 Bloomfield Avenue, Newark, New Jersey. Plaintiff was exiting a side door at the wrestling event onto a landing of steps with no railing which was insufficiently lit. Plaintiff fell off the landing at or about four feet high, to the ground below, sustaining severe and permanent personal injuries. There was no warning of this dangerous condition. There was no personnel stationed at the side door when plaintiff exited. As a result of the fall from a height after exiting a side door onto a poorly and insufficiently lit landing with no railing, she was caused to sustain severe and permanent personal injuries. This photograph was taken ollowing the accident. Plaintiff was transported by ambulance to the hospital.

**LEWIS JOHS**
Lewis Johs Avallone Aviles, LLP
Counsellors at Law

As a result of the accident, plaintiff sustained the following injuries:

- **Comminuted mildly displaced left humeral neck/head fractures;**
- **Left proximal humerus fracture;**
- **Right ankle sprain;**
- **Exacerbation of prior lumbar injuries, including intervertebral disc stenosis of the neural canal of the lumbar region, T9-S1 DDD, abnormal signal in left L4-5 facet and central stenosis;**
- **Exacerbation of prior thoracic injuries, including T9-11 DDD;**
- **Exacerbation of prior cervical injuries, including cervical DDD at C3-6, with central stenosis at all levels;**
- **Dorsal metacarpal pain 3rd-5th;**
- **Low back pain radiating to legs;**
- **Left shoulder pain, swelling and decreased range of motion;**
- **Left elbow pain, swelling and decreased range of motion;**
- **Right ankle pain, swelling and decreased range of motion;**
- **Back pain, swelling and decreased range of motion;**
- **Neck pain, swelling and decreased range of motion;**
- **Left-sided pain from shoulder to hand;**
- **Dizziness; and**
- **Loss of hearing.**

Contrary to ICW's claims, plaintiff was <u>not</u> intoxicated at the time of the accident. ICW used the subject side door to bring the wrestling ring into the venue, so ICW clearly had notice of the condition of those stairs.

New Jersey law holds promoters like ICW No Holds Barred accountable for their actions and decisions, during the execution of events, particularly concerning safety and financial obligations. Promoters and event organizers have a legal duty to ensure the safety of attendees at their events. They are liable to injured patrons if they fail to uphold this duty through inadequate security or poor event planning, and this negligence leads to injuries. Promoters organizing boxing and MMA events must obtain a promoter bond as a financial guarantee of compliance with laws and regulations, including that events are conducted safely.

The agreement between the defendants states that says the venue is not liable for any injury to guests:

> **LIABILITY**
> - The HeART Ballroom and its members, affiliates and representatives, assume no liability for theft, injury to guests or damage to guests' vehicles or property while attending an event/booking at our facility or while entering and exiting the building.



ICW initially advised plaintiff and the Court that he thought the venue's insurance covered him. But now ICW says in its responses to interrogatories that the owner claims there is no insurer coverage:

> 21.  We believed that Owner Insurance should cover, because this is a venue related issue, but Owner claims There is no insurer to our knowledge that covers No Holds barred -

However, ICW failed to answer interrogatory #21 regarding whether it forwarded the complaint to The Heart Ballroom or its insurer. ICW clearly spoke to The Heart Ballroom, but answers "N/A" to plaintiff's discovery demand for contact information for The Heart Ballroom. Indeed, ICW is holding a new event at The Heart Ballroom in October 2025. Notably, ICW failed to forward the summons and complaint to The Heart Ballroom or its insurance company. Plaintiff is awaiting supplemental responses from ICW to interrogatories and discovery demands. Depositions have not yet been held.

Plaintiff's settlement demand is $750,000, which is flexible. Plaintiff is amenable to a settlement conference. Plaintiff is waiting for further discovery from ICW, which we hope will allow us to contact The Heart Ballroom and bring them to the table for settlement.

Very truly yours,

John E. Horan
jehoran@lewisjohs.com
*New York City Office*
JEH/lah


Post -Script – For Defendant No Holds Barred, by Robert G. Ricco – The defense does not concur with the assessment of liability and leaves Plaintiff to her own assessment of damages.  I cannot speak for  the venue owner, but the hope is that it has ample coverage for what we believe lies within the scope of premises ownership liabilities.

Sincerely,

*Robert G. Ricco*